BAO YUE CHEN, Petitioner,

v.

Michael B. MUKASEY, Respondent.

No. 08–1164–ag.

United States Court of Appeals,
Second Circuit.

Oct. 3, 2008.

Lee Ratner, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel, Mona Maria Yousif, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Bao Yue Chen, a citizen of China, seeks review of a February 21, 2008, order of the Board of Immigration Appeals ("BIA"), denying her motion to remand and affirming immigration judge ("IJ") Gabriel C. Videla's April 11, 2006 decision denying her applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Bao Yue Chen*, No. A95 687 478 (B.I.A. Feb. 21, 2008), *aff'g* No. A95 687 478 (Immig. Ct. N.Y. City Apr. 11, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Where, as here, the BIA adopts the decision of the IJ but supplements the IJ's decision, in this case by addressing Chen's motion to remand to the IJ, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

*Asylum, Withholding of Removal, and CAT*

■ Chen challenges the agency's adverse credibility determination only on the ground that the IJ erred by relying on the records of her airport and credible fear interviews. By limiting her argument in this manner, she has waived any challenge to many of the other bases for the IJ's adverse credibility determination. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 545 n. 7 (2d Cir.2005). Because those unchallenged findings provide adequate support for the agency's adverse credibility determination, such that a reasonable adjudicator would not be compelled to find Chen entitled to relief, we need not consider her arguments. *See Qyteza v. Gonzales*, 437 F.3d 224, 227–28 (2d Cir.2006) (holding that remand was not required where the IJ relied on an improper ground in making an adverse credibility determination because substantial evidence supported the other bases for that determination).

We note, however, that Chen's challenge to the IJ's reliance on the airport interview is unfounded under the standards we announced in *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir.2004). The record of that interview is a verbatim transcription of the officer's questions and Chen's responses, Chen never indicated that she was reluctant to reveal information, and nothing in the record suggests that Chen had difficulty understanding the Mandarin interpreter. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 396–97 (2d Cir.2005).

■ As Chen has failed to demonstrate any error in the IJ's adverse credibility

determination, her petition for review is denied to the extent she challenges the agency's denial of asylum and withholding of removal. Other than a conclusory statement that she demonstrated entitlement to CAT relief, Chen failed to raise any argument pertaining to the IJ's denial of CAT relief in her brief to the BIA, and similarly fails to raise any such argument in her brief to this Court. Accordingly, Chen's CAT claim is deemed abandoned. *See Gui Yin Liu v. I.N.S.,* 508 F.3d 716, 723 n. 6 (2d Cir.2007) (holding that claims for relief not argued before either the BIA or this Court are deemed abandoned); *see also Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

*Motion to Remand*

█ As to the BIA's denial of Chen's request for remand, we review that denial for an abuse of discretion. *See Singh v. United States Dep't of Justice,* 461 F.3d 290, 293 (2d Cir.2006). Pursuant to Immigration and Nationality Act § 245(e), an alien seeking to adjust status based on a marriage entered into during a period when administrative or judicial proceedings are pending is not entitled to adjust status unless the "alien establishes by clear and convincing evidence . . . that the marriage was entered into in good faith and in accordance with the laws of the place where the marriage took place and the marriage was not entered into for the purpose of procuring the alien's admission as an immigrant." 8 U.S.C. § 1255(e)(3); *see also* 8 C.F.R. § 204.2(a)(ii); *Matter of Velarde–Pacheco,* 23 I. & N. Dec. 253 (BIA 2002) (holding that a motion to reopen for adjustment of status based on marriage may be granted only if, *inter alia,* the alien presents "clear and convincing evidence indicating a strong likelihood that

the . . . marriage is bona fide"). Absent evidence of the bona fides of a marriage, any adjustment application on this basis, filed during the pendency of removal proceedings, must be denied. *See* 8 C.F.R. § 204.2(a)(iii)(c). Here, we find no abuse of discretion because, as the BIA found, Chen did not submit any evidence to establish that her marriage was bona fide. *See Velarde–Pacheco,* 23 I. & N. Dec. at 256; *see also* 8 U.S.C. § 1255(e)(3); 8 C.F.R. § 204.2(a)(iii)(c). Indeed, she did not submit receipts from the filing of the visa petition and adjustment application, or any evidence to confirm that her relationship with her husband was bona fide. *See, e.g., Velarde–Pacheco,* 23 I. & N. Dec. at 256.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.